A. Christopher Young  (03944-1989)
Jennifer L. Maher (01764-2007)
**PEPPER HAMILTON LLP**
(A Pennsylvania Limited Liability Partnership)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4277

*Attorneys for Plaintiff Lukoil North America LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUKOIL NORTH AMERICA LLC<br>505 Fifth Ave, 9th Floor<br>New York, NY 10017-1735 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | NO. |
| ANTHONY G. CAPRIO<br>3 Berlin Road<br>Voorhees, NJ 08043 | : <br> : <br> : <br> : | |
| Defendant. | : | |

### VERIFIED COMPLAINT

Plaintiff Lukoil North America LLC ("Lukoil"), by its undersigned attorneys, brings this action against Defendant Anthony Caprio ("Caprio") and alleges as follows:

### JURISDICTION AND VENUE

1. Lukoil's claims are for damages and injunctive relief under the Lanham Act, 15 U.S.C. §§ 1051-1127 and pendent state law claims.

2. This Court has jurisdiction under the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the claims and causes of action alleged herein arose in this District. The Defendant is found and transacts business in this District and is subject to personal jurisdiction in this District.

## THE PARTIES

4. Lukoil is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. Lukoil is engaged in the marketing and distribution of petroleum products, including motor fuel, in the Commonwealth of Pennsylvania, the State of New Jersey and elsewhere in the United States. Among its activities, Lukoil sells motor fuel to its authorized franchised dealers for resale to the motoring public.

5. Upon information and belief, Anthony G. Caprio is an individual operating a retail motor fuel station at 3 Berlin Road, Voorhees, NJ 08043 ("Premises") and residing at 17 Brondesbury Drive, Cherry Hill, NJ 08003.

## RELATIONSHIP OF THE PARTIES

6. On or about January 20, 2010, Lukoil and Caprio entered into a Lukoil Dealer PMPA Franchise Agreement (the "Agreement"), with an effective date of January 22, 2010 and several ancillary agreements including a Branding and Product Purchase Commitment Agreement ("BPPCA"). See Exhibit 1, Lukoil Dealer PMPA Franchise Agreement; Exhibit 2, Branding and Product Purchase Commitment Agreement.

7. On or about January 22, 2010, Lukoil and Caprio also entered into a Mortgage and Promissory Note ("Note") for Caprio to purchase the Premises from Lukoil. See Ex. 3, Mortgage, Assignment of Leases and Rents, Security Agreement and Financing Statement.

8. As part of the consideration for the purchase of the Premises, a restriction was placed on the Premises prohibiting, among other things, the operation of a gasoline station unless

it is a retail motor fuel facility authorized to use the Lukoil brand until January 21, 2025. See Ex. 4, Deed dated February 1, 2010.

9. The Agreement contained a term of fifteen (15) years ending on January 12, 2025. See Ex. 1 at §1.5, Term.

10. Pursuant to the Agreement, Lukoil agreed to, among other things, supply Caprio with motor fuel and provide Caprio with the right to use Lukoil's brand identification, trademarks, trade dress, and trade names for the gas station business conducted at the Premises. See Ex. 1 at §1 (Grant), §2 (Purchase and Delivery of Products), and §7 (Proprietary Marks).

11. The Agreement also requires Caprio to "strictly conform to the Standards and specifications on the Standards Handbook" in regards to Equipment, Fixtures, and Signs. See Ex. 1 at §9.6.

12. The Standards Handbook requires illumination of pricing signs at night.

13. Lukoil received complaints from numerous customers about Caprio's practice of not illuminating his price sign after dark, coupled with thusly hidden prices significantly above market.

14. Lukoil confirmed Caprio's practice of not illuminating his price sign after dark during routine and customary surveys of the Premises.

15. Despite repeated warnings, Caprio repeatedly failed to illuminate the pricing sign at night.

16. On June 5, 2015, Lukoil sent a letter advising Caprio if its intention to terminate the Agreement on September 6, 2015 for failing to comply with the provisions of the Agreement. See Ex. 5, Letter dated June 6, 2015.

17. The Agreement terminated on September 6, 2015.

18. Upon information and belief, Caprio continues to prominently display Lukoil's trade name, trademark and other brand identification at the Premises.

19. Lukoil has demanded that Caprio remove Lukoil's brand identification from the Premises on numerous occasions both before and after the termination of the Agreement.

20. Caprio has failed to remove Lukoil's brand identification despite promising Lukoil he would do so.

21. To date, Caprio continues to operate the gas station on the Premises as a Lukoil branded gas station, emblazoned with Lukoil's brand identification, despite the fact that Caprio is no longer a Lukoil franchisee.

22. Caprio's unauthorized use of Lukoil's brand identification, trademarks, trade dress, and trade names, have resulted in injury to Lukoil's business reputation, loss of its goodwill, and the weakening, tarnishing and dilution of Lukoil's trademarks.

23. To date, Caprio continues his practice of not illuminating his price sign at night. Lukoil has received several customer complaints about Caprio's practice since the termination of the Agreement. This constitutes a further injury to Lukoil's business reputation and good will.

24. The termination of the Agreement constitutes a breach of the BCCPA. See Ex. 2.

25. As of June 19, 2015, the amount due under the BCCPA is $71,268.23. See Ex. 6, Letter dated June 19, 2015.

26. The termination of the Agreement also constitutes an Event of Default under the Mortgage. See Ex. 3 at § 6.

27. Pursuant to the Mortgage, after an Event of Default, all Secured Obligations are due and payable.  See Ex. 3, at § 7.

28. As of June 24, 2015, the principal balance of the Note was $253,874.48.  See Ex. 7, Letter dated June 29, 2015.

## COUNT I
## FEDERAL STATUTORY TRADEMARK INFRINGEMENT
## AGAINST CAPRIO

29. Lukoil repeats and realleges the allegations of paragraphs 1 through 28 above.

30. Lukoil has the exclusive license in the United States to use numerous LUKOIL trademark registrations owned by Lukoil's parent company and issued by the United States Patent and Trademark Office.  Among these registrations are the following, copies of which were obtained from the U.S. Patent and Trademark Office's database and are attached as Exhibit "8":

| Registration No. | Mark |
| --- | --- |
| 4026293 | Lukoil |
| 3725904 | Lukoil |
| 3725905 | Lukoil |
| 3750154 | Lukoil |

31. Caprio continues to display to the consuming public Lukoil trade name, trade dress, and trademarks at the Premises despite Lukoil's termination of the Agreement effective September 6, 2015 and Lukoil's repeated requests to Caprio to remove all Lukoil's trademarks.

32. Caprio's unauthorized use of Lukoil's trademarks is likely to cause confusion or deceive the consuming public.

33. By virtue of the Caprio's acts, Lukoil has been materially damaged in an amount not yet determined, but to be proved at trial.

WHEREFORE, Lukoil prays that:

5

(a) The Court find that Caprio has infringed Lukoil's trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(b) The Court grant Lukoil's preliminary and permanent injunctive relief restraining Caprio from operating a motor fuel business on the Premises immediately;

(c) Caprio be required to pay Lukoil damages sustained in consequence of such trademark infringement, trebled as provided by law, and to account for all gains, profits and advantages derived by Caprio from such trademark infringement;

(d) Caprio be required to pay Lukoil the costs of this action and reasonable attorneys' fees, as provided for in Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

(e) The Court grant such other and further relief as it deems appropriate.

## COUNT II
## FEDERAL STATUTORY FALSE ADVERTISING AGAINST CAPRIO

34. Lukoil repeats and realleges the allegations of paragraphs 1 through 33 above.

35. Caprio's unauthorized use of Lukoil's trademarks is likely to cause confusion or deceive the consuming public.

36. By virtue of Caprio s acts, Lukoil has been materially damaged in an amount not yet determined, but to be proved at trial.

WHEREFORE, Lukoil prays that:

(a) The Court find that Caprio has engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(b) The Court grant Lukoil's preliminary and permanent injunctive relief restraining Caprio from operating a motor fuel business on the Premises immediately;

(c) Caprio be required to pay Lukoil damages sustained in consequence of such false advertising, trebled as provided by law, and to account for all gains, profits and advantages derived by the Defendants from such unfair competition;

(d) Caprio be required to pay to Lukoil the costs of this action and reasonable attorneys' fees as provided for in Section 43 of the Lanham Act, 15 U.S.C. § 1117; and

(e) The Court grant such other and further relief as it deems appropriate.

## COUNT III
## STATE UNFAIR COMPETITION AGAINST CAPRIO

37. Lukoil repeats and realleges the allegations of paragraphs 1 through 36 above.

38. Caprio's unauthorized use of Lukoil's trademarks in connection with the sale of unbranded motor fuel is likely to cause confusion or deceive the consuming public.

39. By virtue of Caprio's acts, Lukoil has been materially damaged in an amount not yet determined, but to be proved at trial.

WHEREFORE, Lukoil prays that:

(a) The Court find that Caprio has engaged in unfair competition;

(b) The Court grant Lukoil's preliminary and permanent injunctive relief restraining Caprio from operating a motor fuel business on the Premises immediately;

(c) Caprio be required to pay Lukoil damages sustained in consequence of such unfair competition; and

(d) The Court grant such other and further relief as it deems appropriate.

## COUNT IV
## BREACH OF CONTRACT
## AGAINST CAPRIO

40. Lukoil repeats and realleges the allegations of paragraphs 1 through 389 above.

41. On or about January 20, 2010, Lukoil and Caprio entered into a valid, binding and enforceable Agreement.

42. From in or about January 2010 to the present, Lukoil performed all of its obligations under the Agreement.

43. Caprio breached the Agreement by failing to comply with provisions of the Agreement which were both reasonable and material significance to the franchise relationship and failing to exert good faith efforts to carry out the provisions of the franchise.

44. Caprio breached the BCCPA by failing to purchase the minimum volume of motor fuel during the term of the Agreement.

45. Caprio breached the Note by failing to pay the principal balance due and the daily accrued interest.

WHEREFORE, Lukoil prays that:

(a) The Court find that Caprio breached the Agreement;

(b) Caprio be required to pay Lukoil damages and default interest sustained in consequence of such breaches;

(c) The Court grant Lukoil's preliminary and permanent injunctive relief restraining Caprio from operating a motor fuel business on the Premises immediately;

(d) Caprio be required to pay Lukoil the costs of this action and reasonable attorneys' fees, as provided for in Section 20.5 of the Agreement, (See Ex. 1 at §20.5 (LNA's Legal Fees and Costs)); and

8

(e) The Court grant such other and further relief as it deems appropriate.

### NOTICE OF OTHER ACTIONS PURSUANT TO L.CIV.R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action or proceeding in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I do not currently know of any other parties who should be joined in this action.

### CERTIFICATION OF NON-ARBITRABILITY UNDER L.CIV.R. 201.1

The undersigned hereby certifies that the damages in this action are in excess of $150,000, exclusive of interest and costs, and thus not eligible for arbitration under L. Civ. R. 201.1(d)(3).

 

PEPPER HAMILTON LLP
(A Pennsylvania Limited Liability Partnership)
Attorneys for Plaintiff Lukoil North America LLC

BY: /s/ Jennifer L. Maher
    A. Christopher Young (#03984-1989)
    Jennifer L. Maher (#01764-2007)
    PEPPER HAMILTON LLP
    3000 Two Logan Square
    18th & Arch Street
    Philadelphia, Pennsylvania 19103
    (215) 981-4000
    (215) 981-4750 (fax)
    Email: youngac@pepperlaw.com
    Email: maherj@pepperlaw.com

Dated: November 16, 2015